**Bob LOKEY et al., Plaintiffs-Appellants,**

v.

**H. L. RICHARDSON et al., Defendants-Appellees.**

**No. 77–1689.**

United States Court of Appeals, Ninth Circuit.

July 11, 1979.

Russel E. Spitler, Mill Valley, Cal., for plaintiffs-appellants.

Don Jacobson, Deputy Atty. Gen., San Francisco, Cal., for defendants-appellees.

Before BROWNING, ELY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Lokey's section 1983 action challenging termination of his minimum custody status by California prison officials is before us for the third time. The events upon which the action is based are stated in *Lokey v. Richardson*, 527 F.2d 949 (9th Cir. 1975). That judgment was vacated by the Supreme Court for reconsideration in light of *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), and *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). Since the parties and the district court had not addressed the legal and factual issues made relevant by *Meachum* and *Montanye*, we remanded to the district court. *Lokey v. Richardson*, 540 F.2d 1022 (9th Cir. 1976).

The district court dismissed the complaint with the following order:

This matter having been submitted to the Court for consideration and decision on the record and pleadings on file, IT IS HEREBY ORDERED that plaintiffs' Complaint be dismissed both in light of *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 and *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), and because plaintiffs' present confinement in minimum security renders the issue moot.

Restoration of appellant's minimum custody status mooted his request for an injunction restraining prison officials from altering his custody classification without a hearing. But appellant also prayed for damages. At a minimum, appellant's allegations and the record developed thus far assert a claim for damages for mental and emotional distress arising from the failure to observe appellant's procedural rights that could be compensable. *See Carey v. Piphus*, 435 U.S. 247, 258–59, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). Moreover, regardless of actual damages, appellant could be entitled to nominal damages if he prevailed. *Id.* at 266, 98 S.Ct. 1042. His action therefore was not mooted by his return to minimum custody.

Nor is appellant's claim necessarily extinguished by *Meachum* and *Montanye*. Those cases rejected the theory that the due process clause alone protected appellant from deprivation of his conjugal rights and minimum custody status without procedural safeguards, absent state law or practice which give rise to a right or a justifiable expectation that the prisoner's degree of confinement will change only for certain reasons or after certain procedures. *See Montanye v. Haymes, supra*, 427 U.S. at 242, 96 S.Ct. 2543; *Meachum v. Fano, supra*, 427 U.S. at 226–28, 96 S.Ct. 2532. The record neither establishes nor eliminates the possibility that such state-based expectations or rights with respect to appellant's confinement existed.

Appellant was not provided an opportunity to address, either by written submission or presentation of documents or testimony,

the relevant California rules and practices governing prisoner classification. Until appellant has had an opportunity to explore and present his case with respect to state-created expectations, we cannot say his complaint failed to state a proper claim.

■ California argues that damages cannot be assessed because the appellee officials acted in good faith and therefore enjoyed qualified immunity from liability under section 1983. Appellant alleges affirmative bad faith, claiming that appellee officials acted with reckless or knowing disregard for his rights. The officials' good faith turns on what they may reasonably be charged with knowing regarding the state of the law at the time they acted, *see Procunier v. Navarette*, 434 U.S. 555, 562, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978), a question that should not be reached without the benefit of consideration by the court below.

The appeal is submitted. The judgment dismissing the complaint is vacated and the case is remanded for further proceedings. In view of the nature of the proceedings and issues involved on remand, new counsel should be appointed to assist appellant in the presentation of his claim.

Reversed and remanded.