559 F.Supp. 1047 (1983)
Reginald W. LANE, Plaintiff,
v.
Theodore C. REID, Paul Kimelman, Neal Breen, Nicholas J. Bruno, John S. Mazzuca, and James Farrell, Defendants.
No. 81 Civ. 5156 (CBM).
United States District Court, S.D. New York.
February 17, 1983.
*1048 Reginald W. Lane, pro se plaintiff.
Robert Abrams, Atty. Gen. of the State of N.Y. by Ellen S. Weisburd, Asst. Atty. Gen., New York City, for defendants.

OPINION
MOTLEY, Chief Judge.
Pro se plaintiff Reginald Lane moves to amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure in this case involving claims allegedly arising under 42 U.S.C. § 1983 (1976). Defendants, various officials of the Fishkill Correctional Facility, have moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). For the reasons discussed below, plaintiff's motion is granted but his claims seeking declaratory and injunctive relief are dismissed as moot.

Background
Plaintiff entered Fishkill Correctional Facility ("Fishkill") on November 5, 1980. On November 18, 1980, plaintiff was assigned by the Fishkill program committee to work at the prison's law library as a full time law clerk (Complaint ¶¶ 10, 13). On January 7, 1981, plaintiff enrolled in the in-house college program offered at Fishkill by Dutchess Community College (Complaint ¶ 12). Plaintiff was subsequently informed by Paul Kimelman, Deputy Superintendent of Program Services at Fishkill, that under institutional policy Lane could not maintain a full time position as a law clerk while enrolled as a full time student (Complaint ¶ 14; Plaintiff's Exhibit 4). As a result of this policy, Lane's job was reduced to a part time position (Complaint ¶ 18).
Plaintiff then filed the instant action against the various defendant prison officials seeking 1) a declaratory judgment stating the prison policy is unconstitutional because it deprives plaintiff of a property interest in his law clerk position without due process of law; 2) an injunction enjoining any further implementation of this policy; 3) an injunction enjoining his transfer to another correctional facility pending this litigation; and 4) an injunction enjoining the prison officials from engaging in any retaliatory tactics against him.
After plaintiff commenced this action, he was transferred to the Taconic Correctional Facility. The defendants now move for judgment on the pleadings pursuant to Fed. R.Civ.P. 12(c) on the theory that this case is moot. Lane has moved to amend his complaint in order to assert a claim for monetary damages.

Discussion

A. The Mootness Challenge

The court notes at the outset that defendants have not properly raised the question of mootness. The Supreme Court has stated that "[t]he inability of the federal judiciary `to review moot cases derives from Article III of the Constitution under *1049 which the exercise of judicial power depends on the existence of a case or controversy.'" Defunis v. Odegaard, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164 (1974) (quoting Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 394 n. 3, 11 L.Ed.2d 347 (1964)); see also Richardson v. Ramirez, 418 U.S. 24, 36, 94 S.Ct. 2655, 2662, 41 L.Ed.2d 551 (1974). Whether an Article III case or controversy exists goes to the question of the court's subject matter jurisdiction. A challenge to the court's subject matter jurisdiction is properly raised by a motion to dismiss under Fed.R.Civ.P. 12(b)(1) and not by a Rule 12(c) motion for judgment on the pleadings since it is elementary that a court cannot render a judgment in a case which it has no power to entertain.
Although the question of subject matter jurisdiction was improperly raised, this court must still resolve this fundamental threshold question since the Supreme Court has urged its consideration even when neither party has raised the mootness issue at all. See North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) ("Although neither party has urged that this case is moot, resolution of the question is essential if federal courts are to function within their constitutional sphere of authority."); see also Defenders of Wildlife v. Endangered Species, Etc., 659 F.2d 168, 175 (D.C.Cir.1981); H.K. Porter Co., Inc. v. Metropolitan Dade County, 650 F.2d 778, 782 n. 5 (5th Cir.1981); Locke v. Board of Public Instruction of Palm Beach City, 499 F.2d 359, 363 (5th Cir.1974); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3533 (1975).
As the Supreme Court noted in Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974): "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at 459 n. 10, 94 S.Ct. at 1216 n. 10. This is because the federal courts are without power "to decide questions that cannot affect the rights of the litigants in the case before them." Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (quoting North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971)). The court may exercise its power only where there is "a real and substantial controversy admitting of specific relief through a decree of a conclusive character as distinguished from a hypothetical state of facts." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-64, 81 L.Ed. 617 (1937)).
In Brady v. Smith, 656 F.2d 466 (9th Cir.1981), the appellants challenged the conditions of their confinement at McNeil Island Penitentiary and sought injunctive relief. While the lawsuit was pending, the prisoners were transferred from the McNeil Penitentiary and that institution was converted into a federal prison camp. The district court dismissed the prisoners' claims for injunctive relief as moot and the Ninth Circuit affirmed, id. at 468.
In Winsett v. McGinnes, 617 F.2d 996 (3rd Cir.1980), Winsett brought a civil rights action under 42 U.S.C. § 1983 seeking damages as well as injunctive and declaratory relief against certain prison officials for violations of his constitutional rights in their administration of the prison's work release program. Winsett, serving a life sentence in a Delaware penitentiary for the felony murder of a state police officer, charged that he was denied work release for the sole reason that because his murder of a state police officer had aroused public outrage throughout the state, prison officials were fearful of public reaction to his return to the community under a work release program. The district court rejected all of Winsett's claims.
During Winsett's appeal, he was granted parole on condition that he be transferred to a correctional institution in Alabama and serve four years prior to his release to parole supervision. After Winsett's transfer, the Third Circuit held that Winsett's request for injunctive relief was moot:
We note at the outset that whatever may be the defendants' substantive liability, *1050 Winsett's demand for injunctive relief is now moot. The only injunction sought by Winsett in this appeal is one to restrain the defendants from continuing to rely on allegedly impermissible criteria in evaluating his future applications for work release. Because Winsett has now received a conditional parole ... his injunctive request no longer implicates "an actual controversy ... at [this] stage ... of review..."
617 F.2d at 1003 (quoting Steffel v. Thompson, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 1216 n. 10, 39 L.Ed.2d 505 (1974)) (footnote omitted). The Third Circuit found none of the exceptions to the mootness doctrine applicable. There was no indication that the prisoner was currently harmed by these work release criteria, id. at 1003. Cf. Carroll v. Commissioners of Princess Anne, 393 U.S. 175, 178, 89 S.Ct. 347, 350, 21 L.Ed.2d 325 (1968) (where decision of Maryland court continues to affect response of officials to rallies, case was moot). In addition, there was no indication that this prisoner would face future occasions when he would be subjected to similar treatment. Winsett v. McGinnes, 617 F.2d at 1003. Finally, this was not a class action in which the need for injunctive relief often survives a mootness challenge, id. See, e.g., Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).[1]
In the instant case, Lane has been transferred from Fishkill to the Taconic Correctional Facility. His request for an injunction enjoining his transfer from Fishkill pending this litigation is now clearly moot. With respect to his other claim seeking an injunction prohibiting the Fishkill officials from further enforcing these work program policies, Lane is no longer affected by such policies. Additionally, there is no danger of future occasions when Lane will again be subject to these policies. This is not a case of "[m]ere voluntary cessation of allegedly illegal conduct," Preiser v. Newkirk, supra, 422 U.S. at 402, 95 S.Ct. at 2335 (quoting United States v. Concentrated Phosphate Export Ass'n Inc., 393 U.S. 199, 203, 89 S.Ct. 361, 364, 21 L.Ed.2d 344 (1968)), where the prison officials would be free to return to their old ways. See United States v. W.T. Grant, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1952) ("voluntary cessation of allegedly illegal conduct does not deprive the tribunal of the power to hear and determine the case, i.e., does not moot the case"). Instead, there is no indication that Lane's transfer is not a permanent one. Thus, there no longer exists an actual controversy between Lane and the Fishkill prison officials and because none of the exceptions to the mootness doctrine is applicable, Lane's request for injunctive relief against such officials is now moot.
In addition to the injunctive relief discussed above, petitioner also requested an injunction prohibiting prison officials from subjecting him to any retaliatory measures. Insofar as the claim is framed as a request for injunctive relief, that claim is now moot for the same reasons discussed with respect to his other claims for injunctive relief. On the other hand, while his transfer may have mooted a request for an injunction, plaintiff's intervening transfer does give rise to other federal claims which are not moot.
In United States v. Montanye, 505 F.2d 977 (2d Cir.1975), the Second Circuit held that when a transfer of a prisoner is intended as punishment, the due process clause of the Constitution requires a pre-transfer hearing. In Montanye v. Haymes, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), the Supreme Court held that its decision in Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), decided the same day, required a reversal of United States v. Montanye, supra. The Court stated that absent some right rooted in state law that the prisoner will not be transferred except for misbehavior or upon the occurrence of other specific events, the prisoner *1051 has no procedural due process right to a pre-transfer hearing. Montanye v. Haymes, supra, 427 U.S. at 242, 96 S.Ct. at 2547; see also Meachum v. Fano, supra, 427 U.S. at 228, 96 S.Ct. at 2540 (prisoner has no procedural due process protections as long as under state law, prison officials have discretion to transfer him for "whatever reason or no reason at all"). The Supreme Court then remanded the case to the Second Circuit. Montanye v. Haymes, supra, 427 U.S. at 244, 96 S.Ct. at 2548.
On remand, the Second Circuit indicated that while a prisoner may have no procedural due process rights to a pre-transfer hearing, a state prisoner does have certain substantive federal rights which, even after a transfer is completed, provide the basis of a case or controversy. In Haymes v. Montanye, 547 F.2d 188 (2d Cir.1976), the Second Circuit reversed the district court's grant of a summary judgment in favor of the State of New York:
We hold that there are genuine issues of material fact as to whether Haymes' transfer violated either his first amendment rights or his federally protected right to help prisoners prepare habeas corpus petitions.
* * * * * *
Haymes claims that his transfer was in reprisal for exercising his first amendment rights and his right to help prisoners prepare habeas corpus petitions. "On this claim, the reason for the defendants' action is critical." Montanye v. Haymes, supra, dissenting opinion, 427 U.S. at 244, 96 S.Ct. at 2548. We hold that it was error for the district court to dismiss the complaint without giving all parties the opportunity to present evidence on the reasons for Haymes' transfer.
547 F.2d at 189, 190 (citations omitted). Other cases have held that a prisoner does not forfeit all of his constitutional rights by virtue of his incarceration. See, e.g., Procunier v. Martinez, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974) (first amendment right against censorship of prisoner mail and due process to access to courts); Johnson v. Avery, 393 U.S. 483, 486, 89 S.Ct. 747, 749, 21 L.Ed.2d 718 (1969) (enforcing prisoner's right to habeas corpus stating, "There is no doubt that discipline and administration of state detention facilities are state functions. They are subject to federal authority only where paramount federal constitutional or statutory rights supervene... [I]n such instances where state regulations applicable to inmates of prison facilities conflict with such rights, the regulations may be invalidated"); see also Goodwin v. Oswald, 462 F.2d 1237 (2d Cir.1972) (right to attorney-client mail).
In the instant case, although petitioner's request for injunctive relief is moot, petitioner may amend his complaint in order to allege that the transfer violated certain of his federal constitutional rights. In holding that certain aspects of this case do still present a live controversy, the court does not suggest any view of the merits of any substantive claims raised in an amended complaint.
Turning now to Lane's request for declaratory relief, this court finds that Winsett v. McGinnes is also instructive on this issue. In Winsett, the Third Circuit ruled:
Although Winsett's claim for injunctive relief is now mooted, his claims for damages, and for declaratory relief as a predicate to damages, are not. Although he has not demonstrated that the threatened application of impermissible criteria poses any likelihood of ongoing or prospective harm, it is conceivable that past applications may give rise to damages... [W]ork release is a source of wages for the working inmate. Where such claims remain, the foreclosure of injunctive relief does not moot a party's entire cause of action.
Id. at 1004 (emphasis added and footnote omitted). The Third Circuit then went on to explain what it meant by "declaratory relief as a predicate to damages":
To the extent that Winsett's claim for declaratory relief is also addressed to the future application of impermissible criteria, the disposition of that claim will also be vacated with similar instructions. Insofar *1052 as the declaratory prayer is simply a predicate to a damages award, it survives this dismissal.
Id. at 1003-04 n. 11. Thus, in a case where the complained of conduct has ceased, declaratory relief survives a mootness challenge only insofar as it seeks to declare a set of legal relations which attributes legal liability for damages to the party against whom the relief is sought.
In this case Lane has requested declaratory relief but has not requested damages. In a case where a declaratory judgment is sought not as a predicate to damages,
"the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."
Preiser v. Newkirk, 422 U.S. at 402, 95 S.Ct. at 2334 (quoting Maryland Casualty Co. v. Pacific Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)). In Preiser, the prisoner was transferred from the Wallkill Correctional Facility, which had comparative few restrictions and physical restraints, to the Clinton Correctional Facility, a maximum security institution. Claiming violations of various constitutional rights, the prisoner brought suit pursuant to 42 U.S.C. § 1983. During the lawsuit, however, the prisoner was returned to Wallkill. Noting that the prisoner "has not sought damages," Preiser, 422 U.S. at 402, 95 S.Ct. at 2334, the Court dismissed the action as moot.
In this case, Lane is now incarcerated in the Taconic Facility and there is no indication that he will return to Fishkill and be again subjected to its work program policies. Under these circumstances, it can hardly be said that there is a substantial controversy between Lane and the Fishkill officials and that they have "adverse interests, of sufficient immediacy and realty to warrant the issuance of a declaratory judgment." Id. at 402, 95 S.Ct. at 2334 (quoting Maryland Casualty Co. v. Pacific Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)). Thus, this court concludes that this claim requesting declaratory relief alone is also moot. Since this court is powerless under Article III to entertain this claim, it must be dismissed.

B. Motion to Amend

Plaintiff moves to amend his complaint pursuant to Fed.R.Civ.P. 15(a) in order to allege damages. It is well settled that even when the complained of conduct has ceased, a case survives a mootness challenge where the plaintiff asserts a claim for damages arising out of the allegedly illegal conduct. See Powell v. McCormack, 395 U.S. 486, 498-99, 89 S.Ct. 1944, 1951-52, 23 L.Ed.2d 491 (1969) (where Congressman was excluded from 90th Congress, but had been reelected and seated in the 91st Congress by time his case came before Supreme Court case was not moot because claim for damages was "still unresolved and hotly contested by clearly adverse parties"); Ellis v. Blum, 643 F.2d 68, 83 (2d Cir.1981) (claim for damages saves action from mootness, provided it "is not so insubstantial or so clearly foreclosed by prior decisions that this case may not proceed" (quoting Memphis Light Gas & Water Division v. Craft, 436 U.S. 1, 9, 98 S.Ct. 1554, 1560, 56 L.Ed.2d 30 (1978)); see also National Treasury Employees' Union v. Campbell, 654 F.2d 784, 788 (D.C.Cir.1981) (citing Powell v. McCormack); Lynott v. Henderson, 610 F.2d 340, 344 (5th Cir.1980) (although allowing prisoner visitation rights mooted his claim for injunctive relief on issue of visitation rights case was not moot because prisoner "still seeks damages as to all denial of visitations"); Lokey v. H.L. Richardson, 600 F.2d 1265, 1266 (9th Cir.1979) (restoration of prisoner's minimum custody status mooted his request for injunction against prison officials but damages claim survived).
This court shall freely grant a party leave to amend "when justice so requires." Fed.R.Civ.P. 15(a); see Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Thompson v. New York Life Ins. Co., 644 F.2d 439, 444 (5th Cir.1981); see also Madison Funds, Inc. v. Denison Mines Ltd., 90 F.R.D. 89, 91 (S.D.N.Y.1981). *1053 Under this standard, this court shall permit plaintiff to amend complaint in order to assert a claim for damages. Plaintiff may also amend his complaint in order to assert a new claim for declaratory relief. As discussed above, however, any claim for declaratory relief survives a mootness challenge only insofar as it serves as a predicate for damages.

Conclusions
Plaintiff's claims for injunctive relief are dismissed without leave to replead as moot. Plaintiff may, however, amend his complaint to allege that the reasons for his transfer violated certain of his federal constitutional rights. Plaintiff's claim for declaratory relief is dismissed but without prejudice to replead a claim for a declaratory judgment as a predicate to damages. Plaintiff's motion to amend his complaint in order to allege damages is granted.
NOTES
[1] Although the caption of plaintiff's complaint styles this as a class action, Lane has made no allegations supporting his claim that this is a class action. See S.D.N.Y.R. 4(a)-(b). In his complaint, he describes himself as the only plaintiff.