798 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ray Darris THOMPSON, Plaintiff-Appellant,
v.
Benjamin POINDEXTER, Warden, and Nikki Lentz, Librarian,
Defendants-Appellees.
 No. 85-5264.
 United States Court of Appeals,
Sixth Circuit.
 June 10, 1986.
 
 Before KEITH and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff appeals the order granting defendants' motion to dismiss his pro se civil rights action. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9 ( a ) . Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, a Tennessee prisoner, filed this action under 42 U.S.C. 51983 against the warden and librarian of the West Tennessee Reception Center. Plaintiff alleged that the prison law library was inadequate and that he was denied the right to assist other inmates in their legal matters. The complaint styled itself as a class action and requested declaratory and injunctive relief. Defendants filed an answer. Plaintiff then filed a motion for class certification or to amend his complaint to include a damages claim of $5,000.00 "nominal" and $5,000.00 punitive damages against each defendant. Plaintiff alleged as grounds for the motion that defendants were planning to transfer him to moot the action. Defendants filed a response arguing that they might have to hire private counsel if a damages claim were added. Plaintiff then filed a motion for a temporary restraining order and an injunction requesting various forms of relief, including that defendants be restrained from transferring plaintiff during this action. The motion alleged that defendants prevented plaintiff from assisting other inmates in their legal matters, disciplined him in retaliation for his legal activities, and had a policy of transferring inmates in order to moot their lawsuits challenging prison conditions. On July 24, 1984, the district court entered an endorsed order denying the motion for class certification or to amend the complaint. Defendants then filed a motion to dismiss for mootness because plaintiff had been transferred. Plaintiff filed a reply in which he alleged that the transfer was effected only to moot h is lawsuit, and that the action was not moot because he had been temporarily reassigned to the prison and would be incarcerated there in the future. On November 5, 1984, the district court granted the motion to dismiss for mootness. We vacate the district court's judgment and remand for further proceedings.
 
 
 3
 Plaintiff argues on appeal that the case should not have been dismissed as moot. It now appears that plaintiff has been reassigned to the West Tennessee Reception Center as a permanent inmate. In addition, it appears from the record that there is a reasonable expectation that plaintiff will be incarcerated at the Reception Center in the future. See County of Los Angeles v. Davis, 440 U.S. 625 (1979); Preiser v. Newkirk, 422 U.S. 395 (1975); United States v. W.T. Grant Co., 345 U.S. 629 (1953). We therefore vacate the district court's order dismissing plaintiff's complaint as moot.
 
 
 4
 Plaintiff also claims that the district court erred in denying his motion to amend the complaint. Federal Rules of Civil Procedure 15(a) provides that a party must seek leave of the court to amend his pleadings after a responsive pleading has been filed. Leave to amend must be freely given. Federal Rules of Civil Procedure 15(a); see Foman v. Davis, 371 U.S. 178 (1962). Leave should be granted unless there is some apparent or declared reason not to allow the amendment. Marx v. Centran Corp., 747 F.2d 1536 (6th Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 2656 (1985). Some factors to be considered in evaluating a motion to amend are undue delay, prejudice to opposing parties and futility of the amendment. Cranberg v. Consumers Union of United States, Inc., 756 F.2d 382 (5th Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 148 (1985); Adams v. Gould Inc., 739 F.2d 858 (3d Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 806 (1985). The district court denied the motion to amend without stating any reasons. The motion was filed without undue delay, did not add any new parties or claims for relief, and was not clearly futile. Defendants demonstrated no prejudice from the delay or the claim, but merely asserted that they might have to secure private counsel. In addition, plaintiff had alleged that defendants would try to moot the case by transferring him to another prison, which in fact occurred. Pro se complaints shall be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972), and additional documents filed by pro se plaintiffs a re usually considered part of the pleadings. See Howard v. King, 707 F.2d 215 (5th Cir.1983). Plaintiff's complaint could also be amended to state the additional claim that his transfer was effected to prevent his exercise of constitutional rights. See Lane v. Reid, 559 F.Supp. 1047 (D.C.N.Y.1983). Under these circumstances, the district court should have permitted plaintiff to amend his complaint. See Lane v. Reid, supra.
 
 
 5
 Plaintiff's final claim is that the court erred in denying his motion for class certification. The prerequisites to maintenance of a class action are that the class is so numerous that joinder of all members is impracticable, there are common questions of law or fact, the representative party's claims or defenses are typical of the class claims or defenses, and the representative party will fairly and adequately protect the class interests. Courts have held that pro se prisoners are not adequate class representatives able to fairly represent the class. See Oxendine v. Williams, 509 F.2d 1405 (4th Cir.1975); Ethnic Awareness Organization v. Gagnon, 568 F.Supp. 1186 (E.D.Wis.1983); Inmates, Washington County Jail v. England, 516 F.Supp. 132 (E.D.Tenn.1980), affirmed, 659 F.2d 1081 (6th Cir.1981). In addition, a class certification decision may be altered or amended any time before the decision on the merits. Federal Rules of Civil Procedure 23(c)(1). Under these circumstances, the district court did not abuse its discretion in denying class certification.
 
 
 6
 Accordingly, it is ORDERED that the district court's orders dismissing the complaint as moot and denying leave to amend the complaint are vacated and the case is remanded for further proceedings. Sixth Circuit Rule 9(d)(4).