817 F.2d 105
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl E. WRIGHT, Plaintiff-Appellant,
v.
T.R. YOUNG, Warden, F.C.I., Defendant-Appellee.
 No. 86-5326.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1987.
 
 1
 Before KRUPANSKY and GUY, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 This pro se plaintiff appeals an order of the district court which dismissed his Bivens -type action on the basis that plaintiff's claim was not only moot but also failed to state a claim upon which relief can be granted.
 
 
 4
 Plaintiff essentially argues that his constitutional rights were violated because he was placed in administrative segregation and subjected to the rules thereof, although he had been placed in this special unit for his physical safety and not because he violated any of the prison's disciplinary rules.
 
 
 5
 The district court erred in dismissing this action on the basis that the issue presented is moot. However, the court properly dismissed this action on the basis that the complaint did not state a cause of action upon which relief can be granted.
 
 
 6
 Since the plaintiff sought damages, his suit should not have been dismissed due to mootness. Banas v. Dempsey, 742 F.2d 277, 281 (6th Cir.1984); Lokey v. Richardson, 600 F.2d 1265 (9th Cir.1979), cert. denied, 449 U.S. 884 (1980). However, plaintiff's claim for injunctive relief is moot.
 
 
 7
 As previously noted, the district court properly found that plaintiff did not state a claim for which relief could be granted. It is important to note that plaintiff's allegations challenge only the conditions of his confinement, not the fact that he was placed in administrative segregation. Plaintiff's allegations do not rise to the level of a constitutionally cognizable issue under equal protection. It is well-established that prison officials have broad administrative discretion over the management of lawfully incarcerated persons. Hewitt v. Helms, 459 U.S. 460 (1983). A prisoner may be confined in administrative segregation when no specific rule infraction is charged. Smith v. Rose, 760 F.2d 102, 105 (1985); Bills v. Henderson, 631 F.2d 1287, 1295-96 (1980). The implication is that prisoners who are placed in administrative segregation for nonpunitive reasons are subject to the conditions of this type of confinement. Additionally, Section 541.22(d) of 28 C.F.R. establishes that the conditions of administrative segregation are the same as those for disciplinary segregation. This regulation approves the very actions which form the basis of plaintiff's complaint.
 
 
 8
 Therefore, the conditions under which he was held in administrative segregation for protective custody, although different from those of the general prison population, do not give rise to a federal cause of action.
 
 
 9
 Furthermore, prison officials are immune from liability for damages unless they "knew or reasonably should have known" that their actions would violate a prisoner's constitutional rights or if they acted with malicious intent to violate constitutional rights or cause other injury. Procunier v. Navarette, 434 U.S. 555, 561 (1978); Spruytte v. Walters, 753 F.2d 498, 509 (6th Cir.1985), cert. denied, 106 S.Ct. 788 (1986). There are no grounds presented in the case at bar to warrant the overriding of the defendants' presumed immunity.
 
 
 10
 For the foregoing reasons, it is ORDERED that the district court's judgment be affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation