976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Laurence MILLER, Plaintiff-Appellant,
v.
Yvonne M. WILLIAMS; Ken Bell, AUSA, Defendants-Appellees.
 No. 90-16142.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Sept. 16, 1992.
 
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miller alleges that the defendant prison officials conspired to falsely label him as a "snitch" to other inmates. Miller contends that defendants' conduct violated the First Amendment because it was done in retaliation for an earlier law suit he brought, that it violated the Eighth Amendment because it was done with deliberate indifference to his physical safety, that it violated his substantive due process right "to be secure in his person against assault," and that it violated the Equal Protection Clause because it was motivated by racial animus. After Miller refused to amend his complaint, the district court dismissed his suit. Miller timely[1] appealed and we affirm.
 
 
 3
 The district court ruled that Miller's "allegations fall short of that needed to sustain a claim under the theories asserted." We agree. This court has recognized a claim under 42 U.S.C. § 1983 "for violation of [an inmate's] right to be protected from violence while in custody, [and] also for violation of his right of access to the courts" where prison officials labeled an inmate as a "snitch" in retaliation for the inmate petitioning prison and government officials for a redress of his grievances. See Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.1989). Miller's First Amendment, Eighth Amendment, and substantive due process theories all fall within the cause of action described in Valandingham. Even after being given an opportunity to amend his complaint, however, Miller has failed to allege facts sufficient to support a constitutional claim under Valandingham.
 
 
 4
 In Valandingham, the plaintiff alleged that on a particular date, September 27, 1986, "he was approached by fellow prisoners and threatened with harm because [prison officials] had told other inmates ... that [the plaintiff] was a snitch." Id. By contrast, Miller has merely alleged that defendant Bell told an inmate named Spanky Brown that Miller had informed a prison official that certain inmates were using the prison dry cleaning shop without authorization. See Amended Complaint p 15, 17. Miller has never alleged any violence directed at him as a result of the "snitch" label, and prison records confirm that Miller has not been the victim of an assault since he was allegedly labeled a "snitch." Further, Miller has failed to allege that he has even been subject to threats of any kind from other inmates. The most Miller has claimed is that he has felt anxiety about being assaulted by another inmate. See id. at p 68. Miller has not alleged that he has been deterred from any constitutionally protected conduct, such as filing suit in court. Indeed, Miller concedes in his complaint that the "snitch" label "that defendant Bell put on plaintiff did not generally take, because of plaintiff's shortstopping it by confronting Spanky Brown & defendant Bell and submitting ... [a] grievance appeal." Id. at p 58.
 
 
 5
 In a constitutional tort as in any other, the plaintiff must allege that the defendant's actions caused injury to the plaintiff in order to establish a prima facie case. See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 285-87 (1977). Even read liberally, the most that could be said of Miller's complaint is that he has alleged that Bell's and William's conduct caused Spanky Brown, and perhaps other inmates, not to think as well of Miller as they did before Bell allegedly labeled Miller as "snitch." Defamation, however, does not constitute an injury under section 1983. Paul v. Davis, 424 U.S. 693, 712-14 (1976). Miller's complaint is fatally flawed because, aside from the harm to his reputation, he has failed to allege any particular injury caused by the allegedly unconstitutional retaliatory conduct of defendants.
 
 
 6
 Miller has also failed to state a claim under the Equal Protection Clause of the Fourteenth Amendment. Miller's allegations that the defendants and Spanky Brown are black, that Miller himself is white, and that defendants' conduct was "in part motivated by racial bias" are simply too conclusory to state a cognizable claim.
 
 
 7
 When a plaintiff is bringing a civil rights action pro se, the district court should provide notice of any deficiencies in the complaint and allow the plaintiff an opportunity to amend before dismissing the complaint. Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987). In its Order of May 7, 1990, the district court clearly informed Miller of the defects in his complaint and "allow[ed] plaintiff one additional opportunity to amend to cure the deficiencies identified in this Order." Rather than follow the court's advice, however, Miller filed a motion accusing the court of acting in "bad faith" and refusing to amend the complaint. Miller was given adequate opportunity to remedy his defective complaint.
 
 
 8
 AFFIRMED.
 
 FERNANDEZ, Circuit Judge, concurring:
 
 9
 I do not agree that a prisoner must be subjected to physical injury or actual threats before he can bring an action against prison officials for labeling him a snitch. Cf. Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir.1973). Nor do I agree that the emotional harm which follows from that labeling and from the knowledge that other inmates dislike and assault snitches is not compensable. Cf. Lokey v. Richardson, 600 F.2d 1265, 1266 (9th Cir.1979), cert. denied, 449 U.S. 884, 101 S.Ct. 238, 66 L.Ed.2d 110 (1980); Rhodes v. Robinson, 612 F.2d 766, 771-72 (3d Cir.1979). Nevertheless, since Miller himself indicated that he was essentially able to shortstop the harm that the label could have caused, did not point to anything to the contrary, and made no effort to amend when given an opportunity to do so, I concur in the result.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 The judgment from which Miller appeals was entered on June 6, 1990. Although the district court docket indicates that Miller did not file his notice of appeal until August 6, 1990, Miller filed his notice of appeal with this court on July 3, 1990. Miller's notice was timely, because under Federal Rule of Appellate Procedure 4(a)(1), "[i]f notice of appeal is mistakenly filed in the court of appeals, ... it shall be deemed filed in the district court" when it was received at the court of appeals