111 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kelvin HOUSTON, Plaintiff-Appellant,
v.
James H. GOMEZ; Theo White, Warden; Officer Smith,
Defendants-Appellees.
 No. 95-16825.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1997.*
Decided April 2, 1997.
 
 Before: HUG, Chief Judge, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California State prisoner Kelvin Houston appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 civil rights action. Houston alleged that the defendants violated his constitutional rights by allowing female prison guards to view his unclothed body as he showered and by not providing him with an adequate inmate appeal system. We have jurisdiction pursuant to 28 U.S.C. 1291. We review a dismissal on 12(b)(6) grounds de novo, Lewis v. Telephone Employees Credit Union, 87 F.3d 1537, 1545 (9th Cir.1996), and we dismiss pursuant to 28 U.S.C. § 1915(e)(2).[1]
 
 
 3
 Contrary to the argument advanced by the State, Houston's appeal presents a justiciable controversy. The State contends that Houston's complaint is moot because covers were placed in the showers and therefore Houston is no longer subject to being viewed unclothed. However, Houston only seeks punitive and compensatory damages, and a claim for damages cannot be moot. Lokey v. Richardson, 600 F.2d 1265, 1266 (9th Cir.1979), cert. denied, 449 U.S. 884 (1980).
 
 
 4
 Turning to the merits, Houston's first claim is that his constitutional right to privacy was violated when female prison guards viewed his unclothed body as he showered. While inmates do have an interest in shielding their unclothed bodies from the view of members of the opposite sex, this interest must be balanced with the legitimate operating concerns of the prison facility--such as providing equal employment opportunities and effectively deploying prison staff. Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir.1988). As a result, we have held that the viewing of a prisoner's unclothed body by a member of the opposite sex does not violate the prisoner's right to privacy if the viewings are "infrequent and casual observation, or observation at distance," as long as such viewings are reasonably related to legitimate penal needs. Id. at 334. Houston has not shown that the viewings were anything more than infrequent and casual. Houston's complaint only specified four instances of these viewings, and these occurred over a period of time in excess of thirty months. These alleged incidents simply do not amount to the type of frequent and non-casual observations that violate the Constitution.
 
 
 5
 Next, we reject Houston's claim that the defendants violated his due process rights by failing to provide an adequate inmate appeal system. While states may create liberty interests for inmates, these interests are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 115 S.Ct. 2293, 2300 (1995). The alleged failure of the prison officials to adequately respond to Houston's complaints cannot be construed as a restraint on Houston's freedom and thus does not amount to a deprivation of a liberty interest protected by the Due Process clause. See also Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988) (finding "no legitimate claim of entitlement to a [prison] grievance procedure").
 
 
 6
 Because we dismiss Houston's appeal, we need not decide whether the individual defendants were entitled to qualified immunity, or whether defendants Gomez and White should have been dismissed because they were not personally involved in the alleged constitutional violations.
 
 
 7
 DISMISSED.
 
 KLEINFELD, Circuit Judge, dissenting:
 
 8
 I dissent.
 
 
 9
 I agree with the statement of law relied upon by the majority, that "infrequent and casual observation, or observation at a distance" of plaintiff naked in the shower would not violate his Constitutional rights. But I read the complaint to allege that the observation was regular and part of a routine of having female guards watch naked male inmates.
 
 
 10
 The complaint says that Houston has "continuously been subjected to showering under the watchful eyes of female prison officials." p 1. And "persistently." § 4. And that the watching was "periodical." p 9. His complaint that the female staff were able to "observe plaintiff's sexual organs," and the allegation that Houston was subjected to prison discipline because a female guard "showering plaintiff and other inmates" "observed plaintiff lathered up with soap in the shower and vigorously stroking his penis," allows for proof that the cross-sex observation was not "infrequent and casual observation, or observation at a distance."
 
 
 11
 It may well be that the claim would fail on summary judgment, as most prisoner claims do. But it may also be that the prison treated our "infrequent and casual observation, or observation at a distance" loophole as a barn door, and concluded that males have no Constitutional protection whatsoever from cross-sex observation of them naked. We have not so ruled. I think the complaint states enough to get past a 12(b)(6) motion.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Prisoner Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321, amended 28 U.S.C. § 1915 to require sua sponte dismissal of in forma pauperis appeals if the case fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(ii). Section 1915(e)(2) applies retroactively to all appeals pending on or after April 26, 1996, regardless of when the complaint or notice of appeal was filed. See Marks v. Solcum, 98 F.3d 494, 496 (9th Cir.1996) (per curiam)