**CARMICHAEL**

v.

**MILLS MUSIC, Inc.**

United States District Court
S. D. New York.
May 11, 1954.

44

Spring & Eastman, New York City, Lee V. Eastman, Alfred Beekman, E. Gabriel Perle, New York City, of counsel, for plaintiff.

Samuel Jesse Buzzell, New York City, Samuel Jesse Buzzell, Theodore R. Kupferman, New York City, of counsel, for defendant.

EDELSTEIN, District Judge.

The plaintiff, a composer of songs, has brought an action against his publisher for a declaratory judgment on the rights to copyright renewals for fourteen of his compositions. The original copyright terms of three of the songs have already expired, but the original terms of the others have not. Plaintiff contends that under the contracts of publication the rights to copyright renewals were not transferred to defendant's predecessors, and he contends in the alternative that such transfers should not be enforced because of inadequacy of consideration. He now seeks a declaration that he is the owner (or co-owner, where appropriate) of the accrued renewal copyrights on the first three songs, and that he will be the owner (or co-owner) of the renewal rights on the remaining songs, if he is

living at the time of their accrual as provided in section 24 of the Copyright Law, 17 U.S.C.A. § 24. The defendant has moved to dismiss for failure to state a claim, under Rule 12(b) (6), Fed.Rules Civ.Proc. 28 U.S.C.A., but both parties have submitted affidavits presenting matters outside the pleading, so that the speaking motion must be treated as one for summary judgment under Rule 56.

The first problem presented is whether a justiciable controversy exists. Title to renewal rights in a musical composition may be established by an action for a declaratory judgment, Rossiter v. Vogel, 2 cir., 134 F.2d 908, and there is clearly a justiciable issue concerning such rights for the songs whose original copyright terms have already expired, with plaintiff and defendant both claiming title. The fact that plaintiff might sue for coercive relief is, of course, no bar to this action. See Borchard, Declaratory Judgments (2nd ed.), pp. 336–7. But whether a justiciable issue is presented by suit on title to the renewal expectancies on the other songs is not as clear. "Basically, the question * .* * is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826. The test generally applied by the courts, it has been suggested, is whether "it is relatively certain that coercive litigation will eventually ensue between the same parties if a declaration is refused." 62 Harv.L.Rev. 787, 794. There is no doubt that, in the dispute over the title to renewal rights not yet accrued, there is a substantial controversy between parties having adverse legal interests. But section 24 of the Copyright Law, 17 U.S.C. § 24, 17 U.S.C.A. § 24, introduces a contingency that casts some doubt on whether the dispute is ripe for declaratory action. Under this section, if the author is not living at a time one year prior to the expiration of the original term of copyright, then designated successors are entitled to the renewal, and an assignment of a renewal expectancy rests upon the author's survival until the time of the accrual of renewal rights. See M. Witmark & Sons v. Fred Fisher Music Co., 318 U.S. 643, 63 S.Ct. 773, 87 L.Ed. 1055. Thus, if the plaintiff author should not survive that time, and the court entertains a suit for declaratory judgment, its judgment would be of no operative effect, whichever party prevailed. There is, consequently, the distinct possibility that the court is being called upon for a decision of an abstract or hypothetical question. But, as pointed out in the Maryland Casualty Co. case, supra, the distinction between a "controversy" and an abstract question is one of degree. It is settled that where there is an actual controversy over contingent rights, a declaratory judgment may nevertheless be granted. American Machine & Metals v. DeBothezat Impeller Co., 2 cir., 166 F.2d 535; Borchard, op. cit. supra, pp. 422–3. The contingency of a defendant's survival was held, in Franklin Life Ins. Co. v. Johnson, 10 cir., 157 F.2d 653, to be no bar to an action for a declaratory judgment. If the purpose of the declaratory judgment procedure would be well served by the application of that procedure to the case at bar, the existence of the contingency of the plaintiff's survival should not preclude a declaration. "The very purpose of the declaratory judgment procedure is to prevent the accrual of * * * avoidable damages." American Machine & Metals v. DeBothezat Impeller Co., supra, 166 F.2d at page 536. It should be unnecessary for the plaintiff, as a party to a contract, to act on his own interpretation of its meaning and incur the consequent risks "as a prerequisite to judicial cognizance for construction and interpretation." Borchard, op. cit. supra, p. 28. The immediate damage which the plaintiff seeks to avoid is the adverse effect of the unsettled legal issue on the present value of

**46**

his claimed renewal expectancies. But that is merely a present reflection of the risk of future damage sought to be avoided by him or his assignees as a result of acting upon contracts at future expiration without judicial construction and interpretation. I am persuaded that there is an "actual" controversy which is justiciable in the light of the purpose of the Declaratory Judgments Act, 28 U.S. C.A. §§ 2201, 2202.

Furthermore, the fact that eleven unexpired copyright terms will expire at intervals within the next seven years confirms my opinion that this court ought to entertain the single action now, rather than to require a multiplicity of additional suits to be filed in the future, involving identical legal problems and similar fact situations.

While the controversy involving all fourteen compositions is ripe for declaratory judgment, it is not ripe for summary judgment. In addition to contending that an absence of consideration negatived a transfer of renewal rights, the plaintiff maintains that any transfer should not be enforced because of alleged inadequacy of consideration and unconscionable advantage taken of him at the time of the publication contract transactions. M. Witmark & Sons v. Fisher Music Co., supra, decided that an author's renewal expectancy may be assigned, but it expressly left open the questions of fraud and the failure of consideration. In Rossiter v. Vogel, supra, 134 F.2d at page 912, the Court of Appeals held that "evidence of inadequate consideration, especially when taken in connection with the allegations of deceit, presents a triable issue at least as to the enforceability of plaintiff's assignment." On this basis, therefore, summary judgment for the defendant must be denied, and it is unnecessary at this time to consider the question of lack of consideration.

Accordingly, the defendant's motion will be denied.