MARVEL COMICS LIMITED, Plaintiff,

v.

DEFIANT, A DIVISION OF ENLIGHTENED ENTERTAINMENT LTD.,
Defendant.

No. 93 Civ. 5343 (MBM).

United States District Court,
S.D. New York.

Sept. 2, 1993.

Kenneth A. Plevan, Steffi R. Kipperman, Bettina Elias, Skadden, Arps, Slate, Meagher & Flom, New York City, for plaintiff.

Marya Lenn Yee, Walter Eliot Bard, Steven M. Levy, Proskauer Rose Goetz & Mendelsohn, New York City, for defendant.

## OPINION AND ORDER

MUKASEY, District Judge.

Plaintiff Marvel Comics Limited seeks injunctive relief and damages against defendant, Defiant, for trademark infringement and unfair competition growing out of defendant's use of the word "Plasm" in the name of a comic book. Plaintiff also requests that this court grant a declaratory judgment holding that when plaintiff's pending United States trademark registration issues, the attachment of plaintiff's statutory rights will relate back to July 13, 1992, the date a trademark application was filed in the United Kingdom. Defendant moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff has no trademark rights to assert in this action and that declaratory relief is unwarranted. For the reasons set forth below, both defendant's motion to dismiss and plaintiff's request for declaratory judgment are denied.

### I.

This dispute concerns use of the words "Plasmer" and "Plasm" by rival comic book

publishers. Plaintiff Marvel Comics Limited has filed trademark applications for the word "Plasmer" in both the United States and the United Kingdom (Complt ¶ 24), and has engaged in pre-sale promotional activity for a new "Plasmer" comic book series. (Complt ¶¶ 25–28) Defendant Defiant used the name "Plasm" and then "Warriors of Plasm" to identify its own comic book series. (Complt ¶¶ 29, 35)

Marvel, the largest creator and publisher of comic books in North America (Complt ¶ 9), alleges that it developed "Plasmer" as a new comic book concept prior to August, 1992.[1] In that month, Marvel distributed approximately 1,500 copies of a promotional brochure entitled "A Gathering of Heroes" at a comic book convention in San Diego, California. (Complt ¶ 15) The brochure "unveiled" the "Plasmer" title to the comic book industry. (Complt ¶ 17)

Marvel further alleges that it sold over 13 million comic books in November 1992, all of which contained an announcement informing readers of Marvel's new "Plasmer" comic book series. (Complt ¶ 25) The announcement was part of a "widely read" column called "Stan's Soapbox" written by Stan Lee, Marvel's founder. Id. In December 1992, a picture of Marvel's "Plasmer" character appeared in a trade magazine which has a circulation of approximately 20,000 readers. (Complt ¶ 26) In January 1993, a two page "Plasmer" promotion appeared in a Marvel publication which was distributed to approximately 150 industry professionals at a sales conference. (Complt ¶ 27) Finally, Marvel alleges that it has sent to distributors approximately 12,000–13,000 copies of its September 1993 catalog, which contains an advertisement for "Plasmer." (Complt ¶ 28)

## II.

■ Defendant Defiant argues that the promotional activities undertaken by Marvel did not, as a matter of law, create trademark rights in the word "Plasmer." (Def.Mem. at 2) Accordingly, Defiant moves for dismissal because Marvel does not have rights to protect in this suit. Id.

To decide defendant's Rule 12(b)(6) motion, I must take all the allegations in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984), and determine whether there is any set of facts that plaintiff could prove in support of its complaint that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). By that standard, Marvel's complaint states a claim for relief.

Although Marvel has yet to finish registering the "Plasmer" trademark or start selling its "Plasmer" comic books, both parties agree that pre-sale use without registration can provide a basis for trademark priority. (Def.Mem. at 14; Pl.Mem. at 1). The issue is whether the particular uses alleged in Marvel's complaint, if true, are sufficient to confer trademark rights on Marvel.

In *Windows User, Inc. v. Reed Business Publishing Limited*, 795 F.Supp. 103 (S.D.N.Y.1992), Judge Knapp recently addressed similar trademark issues in a case of competing magazine publishers who had chosen the same title for their respective magazines. That court found:

> To recover for a violation of § 43(a) of the Lanham Act, a party need not demonstrate that a mark is registered; it must however-er, demonstrate that is has a reasonable interest to be protected against false advertising. Such a reasonable interest is established by a showing of an intent to adopt the mark as a trademark and first *"bona fide"* use of the mark in commerce.

*Id.* at 106 (citations omitted).

■ Here, plaintiff has demonstrated its intent to adopt the trademark "Plasmer" by filing applications for the mark's registration in the United States and in the United Kingdom. As for sufficient "use in commerce," the "talismanic test" is whether or not the use was "sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark." *Windows User* at

---

1. "Plasmer" is the name of a "new being with superpowers" who is created "when a female scientist is 'protoplasmically' split into two personae, one good and one evil." (Complt ¶ 18)

108 (quoting *New England Duplicating Co. v. Mendes,* 190 F.2d 415, 417 (1st Cir.1951)).

When all reasonable inferences are drawn in favor of the plaintiff, as they must be for the purposes of deciding a motion to dismiss, *Walker v. New York,* 974 F.2d 293, 298 (2d Cir.1992), *cert. denied* —— U.S. ——, 113 S.Ct. 1387, 122 L.Ed.2d 762 (1993), plaintiff has established the necessary commercial use in its complaint. A favorable reading of the complaint establishes that the title "Plasmer" was announced to 13 million comic book readers in November 1992. (Complt ¶ 25) This would constitute sufficient publicity to identify or distinguish Marvel's "Plasmer" series, or at least "create an association of the goods" with Marvel. *New West Corp. v. NYM Co. of California, Inc.,* 595 F.2d 1194, 1200 (9th Cir.1979). In addition, promotion of "Plasmer" at "the most significant annual convention in the comic book business," attended by thousands of industry participants and readers (Complt ¶ 15), might establish sufficient publicity. The complaint thus adequately alleges commercial use.

Defendant Defiant argues that the losing parties in *Windows User* and in *Future Domain Corp. v. Trantor Systems Ltd.,* 27 U.S.P.Q.2d 1289, 1993 WL 270522 (N.D.Cal. 1993), did far more to establish commercial use than Marvel has done in this case. However, "the question of use adequate to establish appropriation remains one to be decided on the facts of each case." *Windows User,* 795 F.Supp. at 109; *Mendes,* 190 F.2d at 418. In *Windows User,* the plaintiff's promotional activities "were almost simultaneous with the appearance of defendant's product on newsstand shelves." *Id.* Similarly, in *Future Domain,* the party seeking to establish priority had made its first public use of the mark at a trade show at which its competitor was promoting the same mark. By contrast, most of Marvel's promotional activities, including the announcement in the "Stan's Soapbox" column, occurred before Defiant first used the titles "Plasm" and "Warriors of Plasm." These comparisons thus have little relevance in deciding the present motion to dismiss. It bears mention also that neither *Windows User* nor *Future Domain* decided a defendant's 12(b)(6) motion. Both cases decided motions for injunctive relief. As noted, the court applies a much more lenient standard when deciding a motion to dismiss, viewing the facts in the light most favorable to the plaintiff.

■ Defiant contends also that commercial use can be established only if the mark is physically attached to the goods to be trademarked. (Def.Mem. at 10) To support this theory, defendant cites the "Trademark Manual of Examining Procedure" (or "TMEP"), issued by the Patent and Trademark Office as a guide for those applying to register a trademark. Because the TMEP disallows the submission of specimens for trademark consideration that are in the form of "pictures ... advertising circulars, brochures, price lists, announcements, publicity releases, [or] listing[s] in catalogs and trade directories," (Def.Mem. at 11), defendant surmises that commercial use cannot be established using such media. This argument is unpersuasive. The section of the manual cited outlines procedures for submitting specimens in support of applications for trademark registration. That has little to do with commercial use, which is determined as a matter separate from and independent of trademark registration with the Patent and Trademark Office, and is based entirely on association of the mark in the public mind with a particular product, regardless of how that association is achieved.

### III.

■ Plaintiff's complaint seeks a declaratory judgment regarding its pending trademark applications in the United States and in the United Kingdom. Because the applications were filed by Marvel's wholly owned subsidiary in the United Kingdom, and the application in the United States was filed within six months of the foreign application, plaintiff may be able to obtain a priority filing date under Section 44(d) of the Lanham Act, 15 U.S.C. § 1126(d). That section provides that upon issuance of the United States registration, the statutory rights of an eligible foreign applicant will relate back to the date of filing in the applicant's country of origin. Plaintiff thus requests a declaratory judgment that "when its U.S. registration

issues, its statutory priority of use will relate back to the initial United Kingdom filing date of July 13, 1992 and thus give it priority in the name PLASMER." (Pl.Mem. at 19)

■ That Defiant's liability under Section 44(d) of the Lanham Act is contingent upon the issuance of Marvel's registration "does not necessarily defeat jurisdiction of a declaratory judgment action." *Associated Indemnity Corp. v. Fairchild Industries Inc.*, 961 F.2d 32, 35 (2d Cir.1992). "Where there is an actual controversy over contingent rights, a declaratory judgment may nevertheless be granted." *American Machine & Metals, Inc. v. De Bothezat Impeller Co.*, 166 F.2d 535, 536 (2d Cir.1948). However, the issuance of a declaratory judgment would be inappropriate here. "The very purpose of the declaratory judgment procedure is to prevent the accrual of ... avoidable damages." *Id.; Carmichael v. Mills Music, Inc.*, 121 F.Supp. 43, 45 (S.D.N.Y.1954). The "test" that is generally applied to determine whether declaratory relief should be granted is "whether it is relatively certain that coercive litigation will eventually ensue between the same parties if a declaration is refused." *Carmichael*, 121 F.Supp. at 45. Here, the impending trial on the issues of trademark infringement and unfair competition will effectively fulfill any "real practical need of the parties for guidance in their future conduct." *American Machine & Metals*, 166 F.2d at 536. Furthermore, plaintiff may, without prejudice, seek relief under Section 44(d) of the Lanham Act if and when its rights accrue under that section.

\*　　\*　　\*　　\*　　\*　　\*

For the reasons discussed above, defendant's motion to dismiss under Rule 12(b)(6) and plaintiff's request for declaratory judgment are denied.