**FASHION TELEVISION ASSOCIATES,
L.P., Plaintiff,**

v.

**SPIEGEL, INC. and Time Warner
Entertainment Company, L.P.,
Defendants.**

**No. 94 Civ. 0519 (RLC).**

United States District Court,
S.D. New York.

Feb. 18, 1994.

Monroe Partners International, P.C., New York City (Alfred F. Rohls, Daniel S. Chilewich, of counsel), for plaintiff.

Robin, Blecker, Daley & Driscoll, New York City (Albert Robin, Leon Bechet, of counsel), for defendants.

***OPINION***

CARTER, ROBERT L., District Judge.

By an Order to Show Cause dated January 31, 1994, plaintiff Fashion Television Associates, L.P. moves for a preliminary injunction enjoining defendants Spiegel, Inc. and Time Warner Entertainment Company, L.P. from producing, distributing or broadcasting television programming or other entertainment related products under the name "Catalog 1 (I or One)," "Catalog 2 (II or Two)" or "Catalog Channel" in connection with a home shopping television channel. Plaintiff argues that defendants' proposed use of the "Catalog" marks infringes on plaintiff's trademark

rights in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and that its use violates common law rights concerning service mark and trademark infringement and unfair competition.

## I.

Plaintiff is a limited partnership involved in all aspects of creating and developing cable television networks. Plaintiff has recently developed a home shopping television channel focusing on lifestyles, fashion, home life and beauty, and related materials such as motion pictures, video discs, cassettes, a magazine and a line of clothing under the service marks "Catalogue TV" and "Catalogue Channel." For an unspecified period of time, plaintiff has been using these marks in the promotion and development of its business, and has brought its programming and business ideas to the attention of investors, cable operators, vendors, individuals and organizations in various industries, including retailing and television. Plaintiff plans to begin broadcasting its network on February 28, 1994.

On June 12, 1992 plaintiff filed an application with the U.S. Patent and Trademark Office ("PTO") to register the name "Catalogue TV" in Classes 38 and 41 for use in connection with broadcasting, producing and distributing television programs. Plaintiff also filed on that date applications to register the mark "Catalogue TV" in classes 9, 16 and 25 for related goods described above. In June, 1993, plaintiff filed applications to register the service mark "Catalogue Channel" in classes 9, 38 and 41 also for broadcasting, producing and distributing television programs. By documents dated October 27, 1993 and November 11, 1993,[1] the PTO refused plaintiff's application to register "Catalogue TV" and "Catalogue Channel" as service marks because they were merely descriptive. (Def's Memorandum of Law, Exhibits A and B.) However in a later document dated February 3, 1994, which followed plaintiff's amendments to its application, the PTO withdrew its rejection of plaintiff's application to register the "Catalogue TV" mark.

Notwithstanding plaintiff's plans to create its home shopping network, newspaper articles appearing in the September 28, 1993 editions of *The New York Times* and *USA Today* reported defendants' intention of creating a home shopping cable television network to be called "Catalog Channel."[2] Upon learning of defendants' plans, plaintiff demanded that defendants not use the "Catalog Channel" mark because of its confusing similarity to plaintiff's mark "Catalogue Channel" and the resulting harm its use would cause. Defendants, however, rejected this demand, claiming that they are free to use the mark "Catalog Channel." In fact, in the past month defendants have announced that they have entered into a joint venture to create a home shopping television cable channel to be called "Catalog 1," which will begin airing in a limited four market test beginning on March 1, 1994.[3]

## II.

In order to obtain injunctive relief, a party must demonstrate irreparable harm and "either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *LeSportsac, Inc. v. K Mart Corp.*, 754 F.2d 71, 74 (2d Cir.1985). While plaintiff focuses primarily on the irreparable harm that it will suffer unless defendants are enjoined from using the "Catalog 1" mark, the court need not address this issue as it finds that the plaintiff is unable to demonstrate either a likelihood of success on the merits or that the balance of hardships tips decidedly in its favor.

1. In its moving papers in support of its application for a preliminary injunction, plaintiff omitted any reference to the fact that its applications had been denied.

2. It is undisputed that defendants have been aware of plaintiff's possible development of a home shopping television channel and the proposed use of the name "Catalogue TV" in connection with this project since early 1993.

3. Defendants have indicated that they have no plans at the present time to use the mark "Catalog Channel." (Def's Memorandum of Law at 3.)

*Likelihood of Success on the Merits*

Plaintiff's contention that there is a likelihood that it will succeed on the merits is based primarily on its assertion that it has priority interest in the mark because it adopted and used the names "Catalogue Channel" and "Catalogue TV" before the defendants, and that it has continuously used these names in developing, promoting and advertising a home shopping cable television channel. Defendants, however, argue that plaintiff has never made use of its purported service marks[4], and therefore has no basis for asserting claims for false designation of origin under the Section 43(a) of the Lanham Act or common law trademark infringement and unfair competition.[5]

■ To recover for a violation of Section 43(a) of the Lanham Act,[6] a party need not establish that a mark is registered; however it must demonstrate that it has a reasonable interest to be protected against false advertising. A party may establish such a reasonable interest by a showing of an intent to adopt the mark as a trademark and first "bona fide" use of the mark in commerce. *Windows User, Inc. v. Reed Business Pub. Ltd.*, 795 F.Supp. 103, 106–107 (S.D.N.Y. 1992) (Knapp, J.) *See also New England Duplicating Co. v. Mendes*, 190 F.2d 415, 417 (1st Cir.1951) ("the exclusive right to the use of a mark ... claimed as a trademark is founded on priority of appropriation; that is to say, the claimant of the trade-mark must have been the first to employ or use the same ...") (quoting *Columbia Mill Co. v. Alcorn*, 150 U.S. 460, 463, 14 S.Ct. 151, 152, 37 L.Ed. 1144 (1893)). The question of use adequate to establish appropriation is one to be decided on the facts of each case, *Windows User*, 795 F.Supp. at 109 (citing *Mendes*, 190 F.2d at 418), and the court must look to the totality of a party's actions to determine if it has established priority rights in the use of a trademark. *New West Corp. v. NYM Co. of California*, 595 F.2d 1194, 1200 (9th Cir.1979).

■ While it is true that plaintiff's applications to register the mark demonstrates its intention to adopt the "Catalogue" mark as a trademark, plaintiff's promotional efforts are not adequate to establish use of the mark in commerce, which requires the use to be "sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark." *Windows User*, 795 F.Supp. at 108 (quoting *Mendes*, 190 F.2d at 417). There is no evidence on the record that the viewing public, the segment of the population presumably targeted by the television channel, has ever had a chance to become acquainted with the "Catalogue" mark because the network has not yet begun broadcasting. As such, plaintiff could not have created a sufficient association in the public mind between the mark and its source. *See, e.g., Windows User*, 795 F.Supp. at 108–109 (magazine publisher not entitled to preliminary injunction where plaintiff failed to show it was likely to establish first bona fide use of the mark despite its advertisements and promotional activities); *Future Domain Corp. v. Trantor Syst. Ltd.*, 27 U.S.P.Q 2d 1289, 1993 WL 270522 (N.D.Cal.1993) (computer software manufacturer's promotion of a mark at a trade show where at most 7,000 persons actually received or requested information about the mark and where no orders were taken not sufficient to create an association between the manufacturer and the mark in the public mind).

On the facts of this case, it is clear that plaintiff has not established a likelihood that

---

**4.** Defendants also argue that even if plaintiff could establish use of the marks, it has not established that the marks are eligible for protection or that there is a likelihood of confusion. These issues need not be addressed as the court agrees that plaintiff has not established use of the marks in commerce.

**5.** Since a party not protected by federal statute is unlikely to secure a remedy under the common law, *Continental Corrugated Container Corp. v. Continental Group, Inc.*, 462 F.Supp. 200, 207 (S.D.N.Y.1978) (Carter, J.), it is unnecessary to separately consider plaintiff's claims under the common law of New York at this time. *See also Avon Shoe Co. v. David Crystal, Inc.*, 279 F.2d 607, 614 (2d Cir.), *cert. denied*, 364 U.S. 909, 81 S.Ct. 271, 5 L.Ed.2d 224 (1960).

**6.** Although plaintiff also makes a claim under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), for service mark infringement, that claim must be dismissed since standing is limited to registrants under this section. *See DEP Corp. v. Interstate Cigar Co.*, 622 F.2d 621, 624 n. 3 (2d Cir.1980); 15 U.S.C. § 1114(1).

**22**

it will succeed on the merits because it has not demonstrated the requisite first bona fide use of the mark "Catalogue" in commerce.[7]

*The Balance of Hardships*

█ Even if plaintiff could establish that sufficiently serious questions go to the merits of its case, the balance of the hardships does not decidedly weigh in favor of granting injunctive relief. Although plaintiff argues that it will suffer irreparable harm if the injunction is not granted, there is no basis on which it can claim such injury since plaintiff has not established that it has used the marks in commerce. In fact, as both plaintiff and defendants have presumably engaged in significant efforts in preparing their respective channels for broadcast, it would be unfair to deny defendants the right to use the "Catalog" mark since plaintiff has not established a priority interest in it. Indeed, even if plaintiff were somehow able to establish its mark at a later date, permitting defendants to use the "Catalog" mark at this time does not irreparably damage plaintiff's ability to present its own program. Although plaintiff might lose potential viewers to defendants' channel, nothing stops plaintiff from pursuing a marketing strategy aimed at distinguishing its channel from defendants'. *See Windows User*, 795 F.Supp. at 110. Therefore, considering the particular circumstances of this case, the balance of hardships does not warrant granting a preliminary injunction at this time. Accordingly, for all the above reasons, plaintiff's motion for a preliminary injunction is denied, and the court need not consider plaintiff's request for expedited discovery.

**IT IS SO ORDERED.**

---

7. At the hearing held in this case on February 3, 1994, plaintiff referred to a recent case, *Marvel Comics v. Defiant*, 837 F.Supp. 546 (S.D.N.Y. 1993) (Mukasey, J.), in support of its contention that its promotional efforts are sufficient to establish its priority use of the mark. In that case, Judge Mukasey denied a Rule 12(b)(6), F.R.Civ. P., motion to dismiss trademark infringement and unfair competition claims even though the plaintiff's only use of the mark involved extensive promotional activities. In rendering his decision, Judge Mukasey noted that the lenient standard applied in considering a motion to dismiss favored his ruling for the plaintiff. *Marvel Comics*, 837 F.Supp. at 549. As the standard in deciding a motion for a preliminary injunction is more stringent than that used in a motion to dismiss, plaintiff's reliance on this case is misplaced.