■ WESTBURY SMALL BUSINESS CORPORATION, Appellant, v JAMES GIGLIO, Defendant and Third-Party Plaintiff-Respondent-Appellant. POWER TEST PETROLEUM DISTRIBUTORS, INC., Third-Party Defendant-Appellant-Respondent.—In an action to recover the balance due upon a promissory note, the plaintiff and third-party defendant appeal from so much of a judgment of the Supreme Court, Nassau County (Harwood, J.), entered April 17, 1985, as dismissed the plaintiff's complaint and granted the defendant third-party plaintiff judgment on his first cause of action in the amount of $5,000 plus interest from February 7, 1983. The defendant third-party plaintiff cross-appeals from so much of the same judgment as denied him an award of punitive damages and limited his compensatory damages to $5,000.

Judgment modified by deleting the second decretal paragraph awarding the third-party plaintiff judgment against the third-party defendant on his first cause of action in the amount of $5,000, plus interest from February 7, 1983, together with statutory costs and disbursements, and substituting therefor a provision awarding the third-party plaintiff judgment against the third-party defendant in the amount of $500 plus interest from February 7, 1983, together with statutory costs and disbursements. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

The record substantiates the finding of the trial court that the third-party defendant knowingly misrepresented to the defendant the gallonage volume potential of the Franklin Square gasoline station and failed to disclose to him the gallonage volume history and the list of names and addresses of dealers operating the station during the previous three years, despite its knowledge that this was required by General Business Law § 199-b. The evidence further indicates that the third-party defendant made this misrepresentation and failed to disclose this information for the specific purpose of inducing the defendant to enter into a franchise agreement with it. Finally, the record supports the finding that the defendant

was thereby induced to enter into a franchise agreement with the third-party defendant whereby he made a $500 down payment to it. Therefore, we conclude that the trial court correctly found the defendant's third-party cause of action sounding in fraud to be meritorious (see, *Tahini Invs. v Bobrowsky,* 99 AD2d 489, 490; *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 467).

However, the trial court erred in awarding the defendant $5,000 in compensatory damages plus interest. The record does not support the trial court's finding that the defendant issued a $4,500 certified check as part of his down payment for the dealership. In fact, it appears that the defendant's down payment was limited to a single $500 check and his compensatory damages should be limited to this amount plus interest. The defendant's claim for recovery of the rent paid during the 8½ months which he operated the station and for the installment on the $30,000 promissory note paid to the plaintiff during that period, is without merit. The defendant operated the station during that period without interference by the third-party defendant and earned a profit of 5½ cents on every gallon of gasoline which he sold, and which he had purchased from the third-party defendant with the money lent to him by the plaintiff. Thus, return of the money paid on rent and on installments of the promissory note is not required to make the defendant whole, and in fact would unjustly enrich him (cf. *National Conversion Corp. v Cedar Bldg. Corp.,* 23 NY2d 621, 629; *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc., supra,* at p 466). Finally, we are not inclined to disturb the trial court's determination denying the defendant punitive damages as the record failed to establish that the third-party defendant's conduct was part of a general scheme to defraud prospective dealers (see, *Walker v Sheldon,* 10 NY2d 401, 406; *Catalogue Serv. v Insurance Co.,* 74 AD2d 837, 838).

The dismissal of the plaintiff's complaint was also proper. The promissory note on which the plaintiff sued was initially issued by the defendant to the third-party defendant. It is undisputable that the plaintiff was not a holder in due course of this note, and consequently the defendant's defense of fraud against the payment of the note to the third-party defendant is also good against the plaintiff (see, UCC 3-306 [b]). Finally, we note that even if the note had initially been issued to the plaintiff, the defense of fraud by the third-party defendant would still have been good against the plaintiff as the record substantiates the finding of the trial court that the plaintiff

and third-party defendant were, in effect, arms of each other *(see, Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152, 163). Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.