■ WESTBURY SMALL BUSINESS CORPORATION, Appellant, v ROBERT BALLARINE, Respondent.—In an action to recover the balance due on a promissory note, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Spatt, J.), entered September 6, 1985, which, inter alia, dismissed the action, after a nonjury trial.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's numerous contentions on this appeal, we find that the evidence in the record supports the trial court's determination that the defendant's defense of fraud acts as a complete bar to recovery on the promissory note (see, Westbury Small Business Corp. v Giglio, 122 AD2d 49; Tahini Invs. v Bobrowsky, 99 AD2d 489, 490).

We agree with the trial court's finding that the plaintiff and Power Test Petroleum Distributors, Inc. (hereinafter Power Test), are arms of each other, and that Power Test fraudulently misrepresented material facts to the defendant to induce him to enter into a franchise agreement for a certain retail gasoline station. The record also indicates that Power Test knowingly failed to provide the defendant with the gallonage volume history and list of names and addresses of any dealers who operated the station during the previous three years as required under General Business Law § 199-b.

Power Test's failure to disclose and fraudulent misrepresentations not only vitiated the franchise agreement, but also the promissory note executed simultaneously as a part of the same transaction. As the plaintiff is undisputably not a holder in due course, the trial court properly dismissed its action for recovery on the promissory note. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.