Ann and Warren **RIDINGS,**
**Respondents,**

v.

**THOELE, INC., Appellant.**

No. 69161.

Supreme Court of Missouri,
En Banc.

Nov. 17, 1987.

Rollin J. Moerschel, St. Charles, for appellant.

Stephen G. Mirakian, Kansas City, for respondents.

DONNELLY, Judge.

This Court transferred this cause from the Court of Appeals to consider the following question as on original appeal, Mo. Const. art. V, § 10. If a franchisor fails to provide timely notice of termination to a franchisee under section 407.405, RSMo 1978[1], is the franchisee entitled to recover punitive damages in an action brought pursuant to section 407.410.2, RSMo 1978[2]? We hold he is not, and reverse an award for punitive damages.

The facts are uncontested. The Ridings leased premises owned by Thoele for the purpose of selling Zephyr brand gasoline on a commission basis. A dispute arose between Thoele and the Ridings in 1982; in October of that year, and with no prior notice, Thoele terminated the arrangement, locked the gasoline storage tanks located on the premises, and refused further deliveries. The ensuing cause was brought in three counts, one by which respondents sought relief under the notice statute.[3] This count alone was submitted to the jury, which returned a verdict for respondents and awarded actual ($14,000) and punitive ($90,000) damages.

Appellant does not dispute before this Court that its relationship with respondents was one of franchisor-franchisee. We must determine whether the common law rights and/or remedies of a terminated franchisee have been expanded by sections 407.405 and 407.410.2, since the Court affirmed, in *Hawkins v. Burlington Northern, Inc.*, 514 S.W.2d 593 (Mo.1974) that:

> Where a statute prescribing a remedy does not create a new right or liability, but merely provides a new remedy for an independent right or liability already existing, the general rule is that the remedy thus given is not regarded as exclusive but as merely cumulative of other existing remedies, and does not take away a preexisting remedy, or, as more specifically stated, if a statute gives a new remedy in the affirmative, and contains no negative, express or implied, of the old remedy, the new remedy is mere-

---

1. This section directs:
   > No person who has granted a franchise to another person shall cancel or otherwise terminate any such franchise agreement without notifying such person of the cancellation, termination or failure to renew in writing at least ninety days in advance of the cancellation, termination or failure to renew.... *Id.*

2. Section 407.410.2 provides:
   > A franchisee suffering damage as a result of the failure to give notice as required of the cancellation or termination of a franchise, may institute legal proceedings under the provisions of sections 407.400 to 407.420 against the franchisor who canceled or terminated his franchise in the circuit court for the circuit in

which the franchisor or his agent resides or can be located. When the franchisee prevails in any such action in the circuit court, he may be awarded a recovery of damages sustained to include loss of goodwill, cost of the suit, and any equitable relief that the court deems proper. *Id.*

3. Plaintiffs also asserted claims for breach of contract (Count II) and prima facie tort (Count III). The trial court directed a verdict for defendant as to Count III and required plaintiffs to choose, as between Counts I and II, which remaining count would be submitted to the jury. The Ridings have appealed neither of these rulings.

ly cumulative; and in such a case, the party having the right may resort to either the preexisting or the new remedy....

*Id.* at 598 (quoting 1 C.J.S. *Actions* § 6c).

■ Prior to enactment of 407.405, the power of a franchisor to terminate without notice was not unqualified; at the same time, a franchisee's remedy for termination without notice was not categorically unlimited. In *Bain v. Champlin Petroleum Co.*, 692 F.2d 43 (8th Cir.1982), it was observed:

Missouri common law is clear that the provisions of the contract govern the right, vel non, of a franchisor to terminate a franchise relationship with the important qualification that *if the franchisee has in good faith incurred expense and devoted time in building his business he is entitled to a continuation of the relationship for a reasonable time to enable him to recover his investment.*

*Id.* at 48 (emphasis supplied) (citing *Gibbs v. Bardahl Oil Co.*, 331 S.W.2d 614 (Mo.

1960)); *accord, Beebe v. Columbia Axle Co.*, 233 Mo.App. 212, 218, 117 S.W.2d 624, 629 (1938) (franchisee entitled to recoup capital investment where notice neither given nor required by agreement). The legislature, through section 407.405, made the duty to provide prior notice of termination unequivocal, and codified the limited remedy under Missouri common law espoused in early cases such as *Beebe*. We hold that, under the *Hawkins* criteria, respondents enjoyed no greater in-kind remedial rights before the enactment of section 407.410.2 than afterward, and are not entitled to recover punitive damages under the statute.[4]

The judgment is affirmed as to the award of actual damages; the punitive award is reversed.

All concur.

---

**4.** Further supporting this conclusion is the premise that statutory language, where possible, should be interpreted with internal consistency to avoid "unintended breadth". *Pollard v. Board of Police Comm'rs*, 665 S.W.2d 333, 341, n. 13 (Mo. banc 1984), *cert. denied*, 473 U.S. 907, 105 S.Ct. 3534, 87 L.Ed.2d 657 (1985). "[L]oss of goodwill, costs of the suit, and any equitable relief that the court deems proper" evince a compensatory purpose, to make whole a plaintiff whose expectations have been frustrated. This remedial language does not, on the other hand, suggest an intent to punish or make example of a recalcitrant franchisor.

Respondents cite the Court to *Overman v. Southwestern Bell Tel. Co.*, 675 S.W.2d 419 (Mo. App.1984) and *Sands v. R.G. McKelvey Bldg. Co.*, 571 S.W.2d 726 (Mo.App.1978) in support of the position that punitive damages may be recovered here because punitive damages generally were available at common law.

In *Overman*, the Court of Appeals applied *Hawkins*, observing that punitive damages could be recovered in suits against telephone companies at common law; thus, punitives were available to the *Overman* plaintiff, wronged by a telephone company's refusal, contrary to statute, to provide a listing for plaintiff's business. We already have indicated that Missouri common law never has recognized the availability of punitive damages for failure to notify a franchisor of impending termination. *Overman* is not controlling.

The *Sands* Court did not follow *Hawkins*. Instead, it concluded punitive damages were recoverable for "willful, deliberate, and malicious" violation of a city's building code, relying on early cases which we find inapposite. *See Sands v. R.G. McKelvey*, 571 S.W.2d at 733 (citing *Hall v. St. Louis–San Francisco Ry. Co.*, 224 Mo.App. 431, 28 S.W.2d 687, 691 (1930); *Patrick v. Employers Mutual Liability Ins. Co.*, 233 Mo. App. 251, 118 S.W.2d 116, 126 (1938); *Cheek v. Prudential Ins. Co.*, 192 S.W. 387 (Mo.1917)). The issue in *Cheek* was whether a private right of action existed for a discharged employee under the existing service letter statute. The test applied was much different from that applicable here. *Patrick* also is a much different case. The *Patrick* Court analyzed the claimed exclusivity of a compensation act remedy in a widow's action for wrongful performance of an autopsy on her deceased husband. The *Patrick* Court reasoned that plaintiff had claimed no injury to her husband in the cause, but sought recovery for her own mental anguish; thus, it ruled the compensation statute inapplicable. *Patrick v. Employers Mutual Liability Ins. Co.*, 233 Mo. App. at 259, 118 S.W.2d at 122. Finally, the *Hall* decision has no bearing, as the evidentiary support for recovery of punitive damages was the only remotely germane issue reviewed therein.

Respondents' position proves too much. We continue to adhere to the *Hawkins* approach, believing it to be the better test.