729 F.Supp. 71 (1990)
TOM PAPPAS TOYOTA, INC., Plaintiff,
v.
TOYOTA MOTOR DISTRIBUTORS, INC., et al., Defendants.
No. 86-2507C(6).
United States District Court, E.D. Missouri, E.D.
January 18, 1990.
Vernon Singer and James Brandenburg, St. Louis, Mo., for plaintiff.
Jonathan Ries, Shepherd, Sandberg & Phoenix, St. Louis, Mo., for defendants.
Alvin D. Shapiro, Kansas City, Mo.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendants' motion for judgment on the pleadings as to plaintiff's claim for punitive damages in Count III of plaintiff's first amended complaint.
In Count III of its first amended complaint, plaintiff Tom Pappas Toyota, Inc. (Tom Pappas) alleges a violation of the Missouri Motor Vehicle Franchise Practices Act (R.S.Mo. § 407.810 et seq.) and seeks recovery of punitive damages. Section 407.835 of the Missouri Motor Vehicle Franchise Practices Act provides:
Any motor vehicle franchisee may bring an action against a motor vehicle franchisor with whom he has a franchise, for an act or omission which constitutes an unlawful practice as defined in § 407.825 to recover damages sustained by reason thereof, and, where appropriate, such motor vehicle franchisee shall be entitled to injunctive relief, but the remedy set forth in this section shall not be deemed exclusive and shall be in addition to any other remedies permitted by law.
(emphasis supplied).
The parties disagree concerning the effect of this provision on plaintiff's right to recover punitive damages. Relying on the underlined language, defendants assert that punitive damages are not recoverable under the statute. Plaintiff, noting that the statute permits the recovery of any other remedies permitted by law, asserts that the statute does not preclude the recovery of punitive damages.
The issue before the Court, whether punitive damages are available under the Missouri Motor Vehicle Franchise Practices Act, is one of first impression. However, in Ridings v. Thoele, 739 S.W.2d 547 (Mo. 1987) (en banc), the Missouri Supreme Court addressed the question of the availability of punitive damages under the Pyramid Sales Scheme Statute, R.S.Mo. *72 § 407.400, a companion statute to the provisions at issue here. See C & J Delivery, Inc. v. Emory Airfreight Corp., 647 F.Supp. 867, 873 n. 1 (E.D.Mo.1986).
In Ridings the plaintiff, a franchisee, sought to recover punitive damages pursuant to R.S.Mo. § 407.410-2 for the defendant franchisor's alleged failure to provide timely notice of termination as required by R.S.Mo. § 407.405. Ridings, 739 S.W.2d at 548. Section 407.410.2, the damages provision at issue in Ridings provides that a prevailing franchisee may recover "damages sustained ... includ[ing] loss of goodwill, cost of the suit, and any equitable relief that the court deems proper." In order to determine whether this provision entitled plaintiff to an award of punitive damages, the Missouri Supreme Court applied the analysis announced in Hawkins v. Burlington Northern, Inc., 514 S.W.2d 593 (Mo.1974). In Hawkins, the Missouri Supreme Court held that:
Where a statute prescribing a remedy does not create a new right or liability, but merely provides a new remedy for an independent right or liability already existing, the general rule is that the remedy thus given is not regarded as exclusive but as merely cumulative of other existing remedies, and does not take away a preexisting remedy, or as more specifically stated if a statute gives a new remedy in the affirmative, and contains no negative, express or implied, of the old remedy, the new remedy is merely cumulative; and in such a case, the party having the right may resort to either the preexisting or the new remedy.... Hawkins, 514 S.W.2d at 598 (quoting 1 C.J.S. Actions § 6c).
Applying the principle announced in Hawkins, the court in Ridings therefore considered whether the Missouri Pyramid Sales Scheme Act, R.S.Mo. § 407.400 et seq., expanded the common law rights or remedies of terminated franchisees. Ridings, 739 S.W.2d 548-49. The court concluded that the statute "codified the limited remedy" available under Missouri common law prior to its enactment and did not entitle plaintiffs to recover punitive damages. Id. at 549. The court found further support for its determination in the language of the statute which in its view "evince[s] a compensatory purpose" rather than "an intent to punish or make [an] example of a recalcitrant franchisor." Id. at 549 n. 4.
Proper application of Ridings to plaintiff's claim for punitive damages requires this Court to make a two-fold determination: 1) whether punitive damages are recoverable under the common law for the conduct of which plaintiff complains, and 2) whether the statute is merely cumulative of the common law. See Ridings, 739 S.W.2d at 549. In Count III plaintiff alleges statutory and common law claims for willful and malicious breach of the duty of good faith and fair dealing in a franchise relationship. Under the common law, such claims do not entitle the plaintiff to punitive damages unless plaintiff alleges sufficient facts to state a claim for an independent and willful tort such as tortious interference with business relationship or prima facie tort. Machine Maintenance v. Cooper Indus., Inc., 634 F.Supp. 367, 372 (E.D. Mo.1986). Plaintiff does not contend that the allegations of Count III give rise to a claim for an independent and willful tort.[1] Thus, punitive damages are not recoverable under the common law for the conduct of which plaintiff complains. The statute does not preclude plaintiff from pursuing other common law bases of recovery. Therefore, the case where a plaintiff proves that the breach of the duty of good faith and fair dealing amounted to an independent tort, he may recover punitive damages in conjunction with the recovery for the tort. Cf. Machine Maintenance, 634 F.Supp. at 372. However, where allegations and proof of an independent, willful tort are absent, there is no basis for recovery of punitive damages under the statute. Having concluded that punitive damages generally are not recoverable for the conduct of which plaintiff complains, the Court *73 need not reach the second prong of the Ridings analysis. Accordingly, defendants' motion for judgment on the pleadings as to plaintiff's claim for punitive damages in Count III will be granted.
Defendants also move for partial summary judgment with respect to plaintiff's allegations[2] concerning defendants' 1987 year-end sales reporting conduct. In support of this motion defendants assert that plaintiff will be unable to demonstrate injury resulting from defendants' conduct. The allegations at issue appear in Counts II and III of plaintiff's first amended complaint, plaintiff's claims for recovery under the Federal Dealer's Day in Court Act, 15 U.S.C. § 1222, and the Missouri Motor Vehicle Franchise Practices Act, R.S.Mo. § 407.810 et seq. It is undisputed that a showing of actual damages is an essential element for recovery under each of these statutes.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); First Security Savings v. Kansas Bankers Surety Co., 849 F.2d 345, 349 (8th Cir. 1988); AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987). In passing on a motion for summary judgment, a court is required to view the facts and inferences that reasonably may be derived therefrom in the light most favorable to the non-moving party. Holloway v. Lockhart, 813 F.2d 874, 876 (8th Cir.1987); Economy Housing Co. v. Continental Forest Products, Inc., 757 F.2d 200, 203 (8th Cir.1985). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986). As the Supreme Court has stated:
The inquiry performed is the threshold inquiry of determining whether there is the need for a trial  whether, in other words, there are any genuine factual issues that properly can be resolved only a finder of fact because they may reasonably be resolved in favor of either party.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
Having thoroughly reviewed the parties' arguments, the Court concludes that a genuine factual dispute exists with respect to plaintiff's ability to demonstrate actual injury flowing from the 1987 year-end sales reporting conduct. Defendants do not assert that plaintiff will be unable to offer any evidence of injury. Instead defendants contend that the evidence which plaintiff will offer should be excluded from the jury's consideration under Federal Rules of Evidence 403, 404(b). In a case as complex as this one, the Court refuses to issue broad evidentiary rulings which would effectively bar recovery before the trial has even convened. Accordingly, defendants' motion for summary judgment will be denied. This determination in no way bars defendants from raising at trial the evidentiary objections contained in their motion.
NOTES
[1] Even if Count III is interpreted to present such a claim by virtue of the fact that Count III incorporates allegations from other counts in the complaint, plaintiff will be able to recover punitive damages in conjunction with those other counts.
[2] In order to clarify the record in this case, the Court notes that it granted plaintiff leave to amend its complaint to assert the allegations at issue in June of 1988.