■ KRISTAL DODGE CORPORATION, Respondent, v CHRYSLER MOTORS CORPORATION, Appellant.—In an action, *inter alia,* to recover damages for breach of contract and a violation of Vehicle and Traffic Law article 17-A, the defendant appeals from so much of an order of the Supreme Court, Kings County (Spodek, J.), entered May 30, 1990, as denied that branch of its motion which was to strike the plaintiff's demand for punitive damages under the fourth cause of action based on an alleged violation of Vehicle and Traffic Law article 17-A.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to strike the plaintiff's demand for punitive damages under the fourth cause of action based on alleged violation of Vehicle and Traffic Law article 17-A is granted.

The plaintiff, a motor vehicle dealer, and the defendant, a motor vehicle manufacturer, were parties to a franchise contract. Pursuant to the terms of the contract, the plaintiff terminated their franchise relationship. Thereafter, the plaintiff commenced the instant action, and, *inter alia,* sought punitive damages for the defendant's purported violation of Vehicle and Traffic Law article 17-A (the Franchised Motor Vehicle Dealer Act), which, in relevant part, prohibits automobile franchisors from using coercion and threats against their franchisees *(see,* Vehicle and Traffic Law § 463). Vehicle and Traffic Law article 17-A further authorizes an aggrieved franchised motor vehicle dealer to sue for "injunctive relief and damages" (Vehicle and Traffic Law § 469). The defendant contends on appeal that this law does not authorize recovery of *punitive* damages based on the allegations in the complaint. We agree.

We find that since Vehicle and Traffic Law article 17-A does not specifically provide for punitive damages, such damages could appropriately be awarded only if it were established that the defendant's actions were of such a degree as to constitute "gross, highly immoral and wantonly dishonest conduct" *(Vernon v Potamkin Cadillac Corp.,* 118 AD2d 698, 699; *see also, Westbury Small Business Corp. v Giglio,* 122

AD2d 49, 50), and were aimed at the public generally. The complaint herein fails to allege, however, that the defendant's conduct, even if lacking in some degree of good faith and fair dealing, reached the level of moral culpability necessary to warrant an award of punitive damages *(see, Pappas Toyota v Toyota Motor Distribs.,* 729 F Supp 71; *see also, Westbury Small Business Corp. v Giglio, supra,* at 50). Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.